UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMHOTEP SALAT,<br><br>       Plaintiff,<br><br>   v.<br><br>EBAY INC, et al.,<br><br>       Defendants. | Case No. 15-cv-00066-PSG<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**(Re:  Docket No. 34)** |

   This case revolves around an eBay sale that ended with Defendant PayPal, Inc. initiating collection proceedings to recover $4,251.92 from Plaintiff Imhotep Salat.[1]  In the process, Salat claims that Defendants eBay, Inc. and PayPal failed to disclose various terms of the transaction and violated the Truth in Lending Act,[2] the Fifth Amendment and the "Disability Discrimination Act."[3]

   Defendants move to dismiss Salat's Second Amended Complaint.[4]  Salat opposes the motion on procedural grounds.[5]  The court GRANTS Defendants' motion, without leave to amend.

---

[1] *See* Docket No. 33 at 3-4, Ex. B.

[2] 15 U.S.C. §§ 1601-1667.

[3] Docket No. 33 at 4-5.

[4] *See* Docket No. 34.

[5] *See* Docket No. 37.

1
Case No. 15-cv-00066-PSG
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

**I.**

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

**II.**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] When a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[7] A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8] Under Fed. R. Civ. P. 12(b)(6), "dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[9] Dismissal with prejudice and without leave to amend is appropriate if it is clear that the complaint could not be saved by amendment.[10]

At this stage of the case, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[11] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference and matters of which the court may take judicial notice.[12] However, the court need not accept as true

---

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[9] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

[10] *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

[11] *See Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[12] *See id.*

allegations that are conclusory, unwarranted deductions of fact or unreasonable inferences.[13]  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[14]  But, even if the court construes Salat's pleading as liberally as possible, none of his claims can survive against the standards above.

Salat does not allege facts sufficient to state a TILA claim.  As Defendants point out, TILA applies only to "creditors" and to transactions "primarily for personal, family or household purposes" and not "business, commercial, or agricultural purposes."[15]  Salat does not allege that Defendants extended him credit or that the transaction was personal and not commercial in nature.  To the contrary, he alleges that he "never signed any disclosures or agreements with [eBay] for financial lending [or] financial borrowing,"[16] and his description of a typical PayPal transaction could not be characterized as a consumer credit transaction either.[17]  Salat's TILA claim is dismissed.

So is his Fifth Amendment claim.  The Due Process Clause of the Fifth Amendment only

---

[13] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[15] *Thorns v. Sundance Properties*, 726 F.2d 1417, 1418 (9th Cir. 1984).  The statute defines a "creditor" as one who "(1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required and (2) is the person to whom the debt . . . is initially payable on the face of the evidence of the indebtedness." 15 U.S.C. § 1602(g).  The statute defines "credit" as "the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment." *Id.* § 1602(f).

[16] Docket No. 33 at 4.

[17] *See id.* at 2 ("[eBay] and [PayPal] are both Public Companies that provide public financial transactions for consumer goods online.  Funds are transferred from [PayPal] to [eBay] to sellers by [PayPal's] online system.").

applies to actions of the federal government.[18]  Since Defendants are not the government, Salat may not bring a claim against Defendants for constitutional violations.[19]

Finally, Salat fails to state a claim under the Americans with Disabilities Act.[20]  Because Defendants are private entities, the court assumes that Salat's claim falls under Title III of the ADA,[21] which "prohibits discrimination by public accommodations."[22]  "To prevail on a Title III discrimination claim, the plaintiff must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability."[23]  Salat alleges only that Defendants failed to provide "reasonable accommodations to allow him to resolve the conflict."[24]  He does not allege sufficient facts to show that he is disabled under the ADA, that Defendants operate a public accommodation or that he was denied public accommodations because of his disability.  Moreover, "[m]onetary damages are not available in private suits under Title III of the ADA,"[25] and Salat does not identify what, if any, injunctive relief he seeks.

---

[18] *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).

[19] Even if the court liberally construes Salat's claim to be brought under the Fourteenth Amendment, the complaint still fails.  "Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action.'" *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 924 (1982).  Salat does not allege that Defendants acted on behalf of a state.

[20] As noted earlier, Salat's complaint brings a claim under the "Disability Discrimination Act." Docket No. 33 at 5.  The court liberally construes this to mean a claim under the ADA.  *See* 42 U.S.C. §§ 12101-12213.

[21] *See* 42 U.S.C. §§ 12181-12189.

[22] *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

[23] *Id.*

[24] Docket No. 33 at 5.

[25] *Molski*, 481 F.3d at 730 (citing *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002)).

4
Case No. 15-cv-00066-PSG
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT

1   Salat's only argument in opposition is that Defendants failed to provide him proof of service before they filed this motion.[26] This argument is meritless because there is no such requirement under the Federal Rules of Civil Procedure.[27] In any case, Salat obviously did receive the moving papers—he moved on July 15 for an extension of time to respond to them,[28] and the court granted his request in part.[29] Defendants' motion comported with the appropriate procedures.

### III.

Defendants' motion to dismiss is GRANTED. Dismissal without leave to amend is only appropriate if it is clear that the complaint could not be saved by amendment such as after a plaintiff's "repeated failure to cure deficiencies by amendments previously allowed."[30] Salat already has amended his complaint twice,[31] but he has come no closer to stating a viable claim. Further leave to amend would be futile and therefore is DENIED.

**SO ORDERED.**

Dated: November 30, 2015

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[26] *See* Docket No. 37 at 2.

[27] *See* Fed. R. Civ. P. 5(a).

[28] *See* Docket No. 35.

[29] *See* Docket No. 36.

[30] *Eminence Capital*, 316 F.3d at 1052 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[31] *See* Docket Nos. 1, 17, 33.

5
Case No. 15-cv-00066-PSG
ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT